UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-695-RJC

| | |
|---|---|
| CURTIS SHULER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| LAWRENCE PARSONS, | ) |
| J. ATWATER, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted..." Id. § 1915A(b)(1).

I.  BACKGROUND

According to his complaint, Plaintiff is a self-described, "destitute out-of-state Muslim inmate, with no family ties, is being held in a prison virtually incommunicado, which is surrounded by a secret politically backed fence, and guarded by undercover elements." (Doc. No. 1 at 6). A review of the website of the North Carolina Department of Public Safety shows that Plaintiff was convicted of first-degree murder in September 1976 and is currently serving an 80-year term with a projected release date of November 15, 2055.

Plaintiff alleges, among other fantastic things, that his attempts to expose a grand,

1

governmental conspiracy are being willfully thwarted by "prison officials" who are confiscating his informative letters to the United States Congress; and that he is the repeated subject of assassination plots by prison officials, by means of "food poisonings" and "staged stabbings." These actions are carried out by the prison officials "in order to seize and erase all evidence of the political crimes and prevent a congressional investigation and a national scandal which could result in impeachments, indictments, prosecutions and prison terms for all responsible persons." (Doc. No. 1 at 5).

**II.  DISCUSSION**

Plaintiff acknowledges that he has had at least two prior complaints dismissed under the Prisoner Litigation Reform Act ("PLRA") for failure to state a claim and each of those dismissals has been upheld on appeal. See 28 U.S.C. § 1915A(b)(1). In Case No. 3:10-cv-254-GCM, the Court dismissed for failure to state a claim, (Doc. No. 5), and this Order was upheld on appeal to the United States Court of Appeals for the Fourth Circuit. Curtis Shuler v. Neely, et al., No. 10-6874 (4th Cir. filed Oct. 22, 2010) (unpublished). (Doc. No. 10). In Case No. 3:11-cv-182-RJC, the Court again dismissed Plaintiff's complaint for failure to state a claim. (Doc. No. 2). Plaintiff appealed and the dismissal was upheld by the Fourth Circuit. Curtis Shuler v. Neely, et al., No. 11-6592 (4th Cir. filed Aug. 30, 2011) (unpublished). (Doc. No. 10).

In each of these cases, Plaintiff presents the same, fantastic assertions. In conducting an initial review of a complaint filed under the PLRA, for instance, the Court is not required to "accept without question the truth of the plaintiff's allegations." Nasim v. Warden, 64 F.3d 951, 954 (4th Cir. 1995). Indeed, the Court has the authority to dismiss claims that are obviously "fantastic" or "delusional." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

The Court notes that a complaint filed in the Eastern District in which many of the same

2

"fantastic" claims were pled, was disposed of by summary judgment in favor of the defendants. See Shuler v. Vaughn, No. 5:08-ct-3088-BO (E.D.N.C. Jan. 15, 2010). The District Court's determination was upheld on appeal. Shuler v. Vaughn, No. 10-6228 (4th Cir. filed Aug. 5, 2010) (unpublished).

Plaintiff's present complaint has done nothing more than draw from the wild allegations presented in his three previous failed complaints. The Court finds these allegations are simply fantastic and delusional as defined by pertinent case law. Plaintiff's complaint will therefore be dismissed for failure to state a claim for relief. 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** for failure to state a claim. (Doc. No. 1).
2. The Clerk of Court is directed to record that Plaintiff has two previous dismissals for failure to state a claim under the PLRA.

Signed: November 26, 2012

Robert J. Conrad, Jr.
Chief United States District Judge